## MEYER v. ROBERTS.

1. STATUTE OF FRAUDS:  *Parol contracts not to be performed in a year.*
    A parol contract for personal services for a longer period than one year
    is within the statute of frauds and no action can be maintained on it;
    and if the employe enter upon its performance and is afterwards
    discharged, the employer is liable only for his wages for the time he
    served.   And it makes no difference that a contract for more than
    a year is subject to determination sooner on a given event.

APPEAL from *Jefferson* Circuit Court.
Hon. J. A. WILLIAMS, Circuit Judge.

*J. M. & J. G. Taylor,* for appellant.

The contract sued on was made prior to October 13, 1882,
and was for the balance of 1882 *and* the entire year of 1883.
No contract is alleged to have been made at any time in
1883, and being in *parol,* was within the statute of frauds.
*13 R. I., 480; 55 Mo., 97.*   This distinction is clearly settled:
While if performance of the contract within a year is pos-
sible, it is not within the statute, yet if it was possible to

*defeat* or end the contract January 1, 1883, which was within one year from the making thereof, it was not on that account without the statute and valid. No contingency can take a case out of the statute unless it be of a nature to accomplish instead of defeating it. *2 Harr., 27; Smith's Lead. Cas., 432–436; 96 U. S., 424.* It was possible for Roberts to end the contract on January 1, 1883, but it was never possible for him to perform it within a year from October, 1882. See *16 Come., 246; 1 B. & Ald., 723; 1 C. U. & R., 20; 9 Bush., 460; 2 Hilt., 116; 65 Me., 302; 11 East., 143; 11 Vt., 428; Wood Mast. & Serv., 371–2.*

The contract *ex vitermini* was only good to January 1, 1883. *L R., 9 Exch., 57; 8 C. B. N. S., 208; 2 Camp., 573.*

A discharged employe is not bound to accept employment of a different or more menial kind, but he is bound to accept the same employment at less wages, and his remedy is to sue for the difference. *Wood Mast. & S., 243, et seq.*

*N. T. White* and *U. M. & G. B. Rose,* for appellee.

*First*—The exceptions to instructions being general, they are not before the court. *28 Ark., 9; 32 ib., 223; 38 ib., 528; 39 ib , 337.*

*Second*—The contract sued on was not within the statute of frauds. It was a contract for hiring from year to year. The supervision, making and gathering of a cotton crop is one continuous act, embracing the entire year, and the plaintiff's employment was annual, though he was to be paid by the month. When he entered upon the task of controlling the plantation, a contract of hiring until the expiration of the year arose by implication of law. There was the same difference between the plaintiff's labor and

6–46

that of an ordinary domestic servant, that there is between the renting of a house in town and of a farm in the country. The seasons have nothing to do with the contract of the domestic servant or of the town lessee; and hence the presumption is that they hire or rent by the month. But a man who is employed to superintend a plantation, or a tenant who rents a piece of land for the purpose of raising a crop, impliedly, from the nature of the occupation, contracts for a year's service or a year's possession. It is always understood that managers of plantations are to be employed by the year. *Wood on St. Frauds, sec. 273; 4 Bing., 309.*

*Third*—While the discharged employe must seek employment, he is not bound to accept a mere pittance, and in no case is he bound to accept employment from the master who has wrongfully discharged him. He must use reasonable efforts to secure labor *elsewhere. Wood Master & S., sec. 125.*

### OPINION.

SMITH, J. Roberts complained that, on the 13th of October, 1882, he had been employed by Meyer, as a manager of his plantations, for the remainder of that year and also for the following year, provided neither of the parties should object on the 1st day of January, 1883, to the continuance of the arrangement; that his stipend was to be $100 per month, besides being furnished with a house to live in and his horse to be fed at his employer's expense; and that he continued to serve without objection until the 1st of May, 1883, when he was discharged without cause, to his damage $600.

The answer alleged that the hiring was only from month to month, and set up the statute of frauds.

The jury returned a verdict of $400 for the plaintiff.

The exceptions to the charge of the court being general, not designating the objectionable portions, we confine our review to the sufficiency of the testimony to support the verdict, discarding all of the evidence adduced which tended to sustain the defendant's version of the contract.

Roberts testified that Meyer wished to engage his services for five years, but that he declined on the score of health to enter into so extended an engagement. The parties finally came to terms on the 13th of October, 1882. It was orally agreed that he should undertake the superintendence of the defendant's planting interests until the 1st of January ensuing, and that if his health permitted and the defendant was satisfied, he should continue in his employment for the year 1883, for the compensation mentioned in the complaint. When the 1st of January arrived, Meyer expressing no dissatisfaction and no communication or additional understanding having been had then or afterwards between them in relation to such employment, he continued to serve in the same capacity. In the latter part of April, Meyer, by letter, dismissed him from his service, assigning as a reason his inability to pay such high wages. Meyer paid him down to the 1st of May, but the plaintiff notified him that he considered himself hired for the year and that he stood upon his legal rights and the terms of the contract. Being thrown out of employment in the middle of the season, the plaintiff had been unable to obtain a place until the 10th of September, when he secured a situation at $75 per month. Another witness swore that, in the beginning of the year 1883, he had intended to propose to Roberts a co-partnership in farming, but received information from both the parties to this action that he was engaged for the year by Meyer.

Meyer v. Roberts.

1. STATUTE OF FRAUDS: Contracts for more than one year.     *Sec. 3371 of Mansfield's Digest* enacts that no action shall be brought to charge any person upon any contract that is not to be performed within one year from the making thereof, unless the contract or some memorandum, or note thereof, shall be made in writing and signed by the party to be charged or his agent.

The decisions upon this clause of the statute cannot all be reconciled. But ever since the case of *Peter v. Compton, Skinner, 353; S. C., 1 Smith's Lead. Cas., 8th ed., 614,* it has been considered settled that the statute applies only to agreements which appear from their terms to be incapable of performance, or such as the parties never contemplated should be performed, within the year. Consequently, where the duration of the agreement depends upon a contingency, as the death or marriage of one of the contracting parties, a note in writing is not necessary; for the contingency may happen, and thus the contract be fully performed, within a year from the time it is made. So a contract determinable at any time by either party, is a contract which is to last during the pleasure of the parties or so long as they are mutually satisfied.

But a contract for personal services to continue and hold the parties together for a longer period than one year is plainly within the statute. Thus, if at Christmas I orally hire a servant for a year, to begin from New Year's day, when he presents himself at the time appointed in fulfillment of that contract, I am not legally bound to receive him into my service; and if I do receive him, may afterwards discharge him without incurring any other liability than the payment of his wages for the time he actually served. *Bracegirdle v. Heald, 1 Barn. & Ald., 721 (4 E. C. L. R.), 342; Snelling v. Lord Huntingfield, 1 Cr. Mes. & Ros., 19; Hill v. Hooper, 1 Gray, 131; Tuttle v. Swett, 31 Me., 555; Sutcliff v. Atlantic Mills, 13 R. I., 480; Kelly v. Terrell, 26*

*Ga., 551; Amburger v. Marvin, 4 E. D. Smith, 393; Nones v. Homer, 2 Hilton, 116.*

Nor does it make any difference that the contract, if for more than a year, is subject to determination sooner on a given event. This is illustrated by the case of *Dobson v. Collis, 1 Hurl. & Nor. 81,* where a traveling agent was employed for two years, with a proviso that the contract might be determined on three months' notice. Pollock, C. B., stated that the object of the statute was to prevent contracts, not to be performed within the year, from being vouched by parol evidence, when at a future period any question might arise as to their terms, and that a contract was not the less a contract not to be performed within a year because it might be put an end to within that period. And Alderson B. observed: "When once the contract exceeds the year, the circumstance that it is defeasible will not make it other than a contract for more than a year. See the absurdity of holding otherwise; at the end of two years and a half one of the parties might claim a right to put an end to a parol contract for five years by giving three months' notice; but the very subject of dispute might be, whether or no he had a right to give such notice. That shows that this is a contract within the statute."

Here was an absolute agreement to take charge of the defendant's business from October 13, 1882, to the end of the calendar year; and a further conditional agreement for the year 1883, which might have been annulled by either party on the 1st of January, 1883. If not annulled, the agreement could not possibly have been performed within a year from the making of it.

*Beeston v. Collyer, 4 Bing., 309 (13 E. C. L., 517),* relied on by the plaintiff, is distinguishable. There a clerk had been hired by an army agent for a year, beginning on the 1st of March, but had remained in service for more than

twenty years.  He was dismissed without cause on the 23d of December, and it was held that his salary must be paid until March.  This was upon the ground that the original hiring having been by the year, and the parties having gone on for a long time without any new arrangement, the law would imply from the circumstances a fresh contract for the same length of time at the commencement of each year.  But in the present case there was an express contract for the year 1883; and the law does not readily imply contracts between parties when they have covered the same subject matter by their express agreement,

 *Moore v. Fox, 10 Johns., 243,* was an action by the minister of a church to recover from one of his members for two years' services as a minister.  The proof was that the defendant, about six years before, had verbally promised to pay the plaintiff $2 a year, and had continued to pay at that rate, in semi-annual installments, until the last two years.  And a recovery was allowed.  But the action was brought on a bygone or executed consideration, and the statute did not apply.  The plaintiff had continued to preach in the same church and to the same congregation.  The defendant had enjoyed the benefit of his ministrations, although apparently he had not profited by them.  The acceptance of a benefit, even under an invalid contract, obliges the party to pay for it.

There is, however, a case in *19 Hun., 234 (Smith v. Conlin),* decided by a divided court, which, if correct, would lead to an affirmance of the judgment.  In October, 1876, the plaintiff entered into a verbal agreement with the trustees of a school district to teach a school for the year, ending October 1, 1877, at a fixed salary, and for a further term of one year, at the same salary, to begin on the last-mentioned day, if no notice to the contrary should be given by either party, at least two weeks prior to that date.  Such

notice not having been given, the plaintiff continued his services for a few weeks into the second year, when he was discharged. He claimed and was permitted to recover his salary for the entire year.

This is certainly contrary to the rule established in England by a long course of decisions, that an option to determine at any time a contract for a designated period exceeding a year, has no effect in taking the case out of the statute of frauds.

As the plaintiff's contract extended over a period of more than a year, and could not, in the nature of things, have been completed within a year from the time it was made, and as it was not manifested by any writing, there is no competent evidence to warrant the verdict.

Reversed and remanded for a new trial.