RAILWAY COMPANY *v.* WHITLEY.

Decided February 7, 1891.

*Statute of frauds—Cattle guards.*

> An agreement of a railway company to keep and maintain cattle-guards on each side of a person's land is limited by the time it should operate its road over his land, and need not be in writing under the statute of frauds requiring agreements not to be performed within one year to be in writing.

APPEAL from *Monroe* Circuit Court.

M. T. SANDERS, Judge.

*John C. Palmer* for appellant.

*Sanders & Watkins* for appellees.

BATTLE, J. This was an action for damages that were caused by a breach of a verbal agreement entered into by appellant and appellees in 1872. The agreement was that appellees would permit appellant to build its railroad across their land, and that appellant would in consideration thereof construct, keep and maintain good and sufficient cattle guards across its road on each side of appellees' land to prevent stock running at large from trespassing on their fields. In pursuance of this agreement the road was built over the land, but good and sufficient cattle guards were not kept and maintained. Appellant insists that the action cannot be maintained because the agreement comes within the statute of frauds. This is the only question presented for our consideration.

It is insisted that the agreement comes within the statute, because it was not to be performed within one year after it was made, and no note or memorandum thereof was made.

*Statute of frauds—Cattle guards.*

Section 3371 of Mansfield's Digest, upon which this contention is based, provides : " No action shall be brought * * * to charge any person upon any contract, promise or agreement that is *not to be performed* within one year from the making thereof, unless the agreement, promise or contract upon which such action shall be brought, or some note or memorandum thereof, shall be made in writing, and signed by the party to be charged therewith, or signed by some other person by him thereunto properly authorized."

Substantially the same clause in 29 Car. II. c. 3, sec. 4, was considered, a short time after its enactment, by all the judges in *Peter* v. *Compton*, Skinner, 353. In that case the action was upon an agreement, by which the defendant, for one guinea, promised to give the plaintiff so many at the time of his marriage. The marriage did not occur within the year, and the question was, did the agreement come within the statute ? The decision of the question depended upon the meaning of the words, " *upon any agreement that is not to be performed within the space of one year from the making thereof*," in the statute. A majority of the judges held that it did not, and that " where the agreement is to be performed upon a contingent, and it does not appear within the agreement that it is to be performed after the year, there a note in writing is not necessary, for the contingent might happen within a year." Since then the same question has generally been decided in England and America as held in *Peter* v. *Compton*. 1 Smith's Leading Cases, Pt. 1 (8th ed.), 614, and note.

In *Fenton* v. *Emblers*, 3 Burr., 1278, the defendant's testator promised the plaintiff " that if she would become his housekeeper, he would pay her wages after the rate of £6 *per annum*, and give her, by his last will and testament, a legacy or annuity of £16 by the year, to be paid yearly. The plaintiff, on this agreement, entered into the testator's service, and became his housekeeper and continued so for more than three years." The court held that the contract, though by parol, did not come within the statute ; for the contin-

gency upon which it depended might have happened within a year.

In construing the one year statute of fraud, in *McPherson* v. *Cox*, 96 U. S., 404, Justice Miller, in delivering the opinion of the court, said: "The statute of frauds applies only to contracts which, by their terms, are not to be performed within a year, and do not apply because they may not be performed within that time: In other words, to make a parol contract void it must appear that it was the understanding of the parties that it was not to be performed within a year from the time it was made." In that case it was held that a contract to pay an attorney at law for his services to be rendered in suits concerning land a specific sum of money out of the proceeds of the sale of the land, when it was sold by the client, did not come within the statute, for it might have been performed within the year. *Walker* v. *Johnson*, 96 U. S., 424.

In determining when contracts come within the one year statute of frauds, courts have been governed by the words, "*not to be performed*." They have treated them as negative words. In construing them it is said: "It is not sufficient to bring a case within the statute that the parties did not contemplate the performance within a year, but there must be a negation of the right to perform it within the year." According to this rule of construction it is well settled that the statute only includes those contracts or agreements which, according to a fair and reasonable interpretation of their terms in the light of all the circumstances which enter into their construction, do not admit of performance in accordance with their language and intention within a year from the time they were made; and that it includes no agreement, if, consistently with its terms, it may be performed within that time. Accordingly, it is also well settled that agreements which contain no stipulation as to time, but depend for performance, either expressly or by reasonable implication, upon the happening of a certain contingency which may occur within the year, do not come within the

statute ; as, for instance, promises to pay money on the day of the promisor's marriage, or on the death of a third party, or during the promisee's life, to work for another during his life, to board the promisee during his life, to educate a child, are not within the statute. " And so, of course, whatever else be the contingency, provided it may happen within a year." *Roberts* v. *Rockbottom Co.*, 7 Met., 46 ; *Lyon* v. *King*, 11 Met., 411 ; *Foster* v. *McO'Blenis*, 18 Mo., 88 ; *Lapham* v. *Whipple*, 8 Met., 59 ; *Artcher* v. *Zeh*, 5 Hill, 200 ; *Lawrence* v. *Cooke*, 56 Me., 187 ; *Peters* v. *Westborough*, 19 Pick., 364 ; *Ellicott* v. *Peterson*, 4 Md., 487 ; *Blair Town Lot Co.* v. *Walker*, 39 Iowa, 406 ; *Plimpton* v. *Curtiss*, 15 Wend., 336 ; *Russell* v. *Slade*, 12 Conn., 460 ; *Rogers* v. *Brightman*, 10 Wis., 65 ; *Jilson* v. *Gilbert*, 26 Wis., 637 ; *Meyer* v. *Roberts*, 46 Ark., 84 ; Browne on Statute of Frauds (4th ed.), secs. 273, 283, and cases cited ; 1 Smith's Leading Cases, Pt. 1 (8th ed.), top pages 619, 623, and cases cited.

In this case the duration of appellant's promise to keep and maintain good and sufficient cattle guards was limited by the time it should maintain and operate its road over appellees' land. If the road should cease to be used for railroad purposes, or be removed from the lands of appellees to other lands, as has occurred in other cases, it would be unreasonable to require the cattle guards to be maintained, the reason therefor no longer existing. In that event the time of the performance of the agreement would expire. This might well have happened within a year, consistently with the understanding and rights of the parties. As its performance depended on an implied contingency which might have occurred within one year after it was made, it does not come within the statute of frauds.

Affirmed.