# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS

VALLEY PLANTING COMPANY *v.* WISE.

Opinion delivered December 20, 1909.

1. EVIDENCE—ADMISSION IN PLEADING.—A statement contained in a pleading filed by a party in another action between the same parties may be proved against him, but such admission is not conclusive and is subject to explanation. (Page 2.)

2. STATUTE OF FRAUDS—CONTRACT NOT TO BE PERFORMED WITHIN YEAR.—A verbal contract entered into in December, 1907, to superintend the making and gathering of a crop of cotton for the year 1908 is not within the statute of frauds as one "not to be performed within a year." (Page 2.)

3. EVIDENCE—CONTRACT—INTENT OF PARTY.—While, in construing a contract, it is competent to show what was said by the parties in making the contract and to prove all the attending circumstances, in order to show what was in contemplation of the parties, it was not competent to prove what one of the parties had in contemplation about its effect. (Page 5.)

Appeal from Drew Circuit Court; *Henry W. Wells,* Judge; affirmed.

*Williamson & Williamson* and *Knox & Hardy,* for appellants.

The contract could not be performed within a year, and was therefore within the statute of frauds. Kirby's Dig., § 3554; 46 Ark. 80. And part performance of such a contract does not take it out of the statute. 48 Ark. 485.

*R. W. Wilson,* for appellee.

The verdict was in accordance with the law. 46 Ark. 80; 96 U. S. 424; 54 Ark. 189; 56 Ark. 600; 9 Ark. 394; 19 Ark. 671; 39 Ark. 280; 57 Ark. 370; 58 Ark. 617; 78 Ark. 336; 80 Ark. 232; Kirby's Dig., § 5027. The complaint stated a cause of action. 56 Ark. 597. The statute of frauds applies only to

contracts which, by their terms, are not to be performed within a year, but not where they may not be performed within a year. 96 U. S. 404; 46 Ark. 80.

McCULLOCH, C. J.  This is an action instituted by appellee to recover damages for breach of an alleged contract for hire. He alleged that appellant, a corporation, hired him as overseer of its plantation in Drew County, Arkansas, to superintend the making and gathering of the crop of the year 1908, and agreed to pay him $1,000 for his services, but ·discharged him without cause before the expiration of the period of service. He recovered judgment below for the sum of $400.

The evidence as to the terms of the contract is conflicting. The contract was a verbal one, and was entered into in the early part of December, 1907.  Appellant's witnesses testified that the right to discharge appellee at any time was expressly reserved in the contract.  Appellee denied this, and the verdict of the jury has settled that issue in his favor.

Appellant's witnesses testified that the period of service stipulated in the contract was the whole of the year 1908; but appellee testified that he was employed to superintend the making and gathering of the crop of 1908, no definite time being specified.  This issue, too, was settled by the verdict in appellee's favor.

It is insisted that appellee is bound by his statement contained in an answer filed by him in another action between the same parties, to the effect that appellant agreed to furnish him a house to live in for "twelve months from and after January 1, 1908."  Appellee's answer in that case was competent evidence in this case as an admission, but it is not conclusive, and is subject to explanation.  It was considered by the jury along with the other testimony in determining the terms of the contract.

Appellant pleaded the statute of frauds, and that is the principal question here.  The law on this subject applicable to the case is · well settled.  The contract in question was one, not to perform a service for a definite period of time, but to perform a particular service for a stipulated consideration—that is, to superintend the making and gathering of the crop for the stated compensation of $1,000.

In *Meyer* v. *Roberts*, 46 Ark. 80, Mr. Justice SMITH, speaking for the court, laid down the following general rule:  "But

ever since the case of *Peter* v. *Compton,* Skinner, 353, 1 Smith's
Lead. Cas. 8th ed. 614, it has been considered settled that the
statute applies only to agreements which appear from their terms
to be incapable of performance, or such as the parties never con-
templated should be performed, within the year."

In *Railway Company* v. *Whitley,* 54 Ark. 199, the authorities
on this subject are reviewed at considerable length, and the fol-
lowing rule is summed up as the correct one: "In determining
when contracts come within the one-year statute of frauds, courts
have been governed by the words, 'not to be performed.' They
have treated them as negative words. In construing them it is
said: 'It is not sufficient to bring a case within the statute that
the parties did not contemplate the performance within a year,
but there must be a negation of the right to perform it within
the year.' According to this rule of construction, it is well set-
tled that the statute only includes those contracts or agreements
which, according to a fair and reasonable interpretation of their
terms in the light of all the circumstances which enter into their
construction, do not admit of performance in accordance with
their language and intention within a year from the time they
were made; and that it includes no agreement if, consistently
with its terms, it may be performed within that time."

In Browne on the Statute of Frauds, § 278a, 5th ed., the
following rule is stated, and numerous authorities cited in sup-
port of it: "An agreement, in general terms, to do a particular
act, no time being specified, and the act being such as may be
performed by the party promising, under the contract, within
a year, is also saved from the operation of the statute, on the
principles before stated."

In a very recent work, the following statement of the law
on the subject is given as the rule supported by the great weight
of authority: "While there are exceptions, the general rule,
supported by the great weight of authority, may be stated that
the statute does not apply where the contract by any possibility,
can be fulfilled or completed in one year. Stated in other words,
the rule is: If it appears from the contract itself that it was
not to be performed, or was not intended to be performed, within
a year, it is void; but if it was a contract which might have been
performed within a year, and which the plaintiff, at his option,
might have required the defendant to perform within a year,

it is not within the statute." Smith on the Law of Fraud and Construction of the Statute of Frauds, § 347. See also 20 Cyc. 199, 200; *McPherson* v. *Cox,* 95 U. S. 404; *Walker* v. *Johnson,* 96 U. S. 424.

Now, according to the principles thus stated, the contract in question did not fall within the operation of the statute of frauds, for it can not be said that it was, according to its terms, "not to be performed within a year." It may or may not, according to the agreement, have been performed within a year. This depended upon the course of the seasons, weather conditions during the planting and crop-gathering seasons, particularly the latter; and also the scarcity or plentifulness of farm labor and appellee's ability to secure labor during those seasons.

We are asked to say, by way of judicial cognizance, that a crop of cotton cannot be made and gathered within a year; or at least, that such a feat is so unusual in this State that it could not have been within the understanding and contemplation of the parties to the present contract; but we are unwilling to make such a declaration. On the contrary, if we should resort to matters of common knowledge among residents of the cotton-growing localities as to the course of the seasons and as to the culture and production of cotton, we should say that a crop of cotton can be, under favorable conditions, planted, harvested, ginned and marketed within a year. That depends mainly upon weather conditions during the gathering season and the amount of farm labor available; and if these conditions are favorable, there appears to be no reason why the crop cannot be made and gathered within a year from the time in which the contract in question was made, which was early in December, 1907. We are not unmindful of the adage among Southern farmers that it requires "thirteen months in each year" to make and gather a crop of cotton, which is perhaps due to the proneness of mankind to magnify the difficulties of one's own task and to regard those of others as less arduous and exacting. But this cannot be accepted as a truism so as to control, in law, the binding force of the contract. According to the terms of the contract in the present case, as established by the evidence accredited by the jury, appellee agreed to perform certain work for a gross stipulated price. Self-interest was a natural incentive to conclude the

engagement by getting the crop gathered as speedily as possible, and he impliedly agreed to do this, his employer having the right to expect and demand as much of him. That being true. we cannot say that it was the understanding and contemplation of the parties, when the contract was entered into, that it was not to be performed within a year.

Plaintiff complains of the ruling of the court in refusing to admit the testimony of appellant's agent who entered into the contract, as to what he had in mind or in contemplation concerning the duration of the contract at the time it was entered into. It was competent to show what was said by the parties in making the contract, and also to prove all the attending circumstances in order to show what was in the contemplation of the parties, but not to prove what one of the parties had in contemplation about its effect.

Judgment affirmed.