CoCHRAN *v.* LONG.

4-8754                                                        217 S. W. 2d 612

Opinion delivered February 21, 1949.

*J. M. Smallwood,* for appellant.

*Robt. J. White,* for appellee.

ROBINS, J. This appeal is from a judgment for $500, based on verdict of trial jury, in favor of appellee in her suit against appellant for bodily injuries and for damage to her sedan which occurred when her automobile collided with a truck owned and driven by appellant.

Only these two grounds are urged by appellant for reversal:

I. That appellant was prejudiced by improper remarks of counsel for appellee in his opening statement.

II. That the lower court erred in permitting testimony as to cost of repairs to appellee's sedan and as to cost of repairs to appellant's truck necessitated by the collision.

## I.

In her complaint appellee asserted that she was compelled to expend $234.39 in order to repair her automobile, and that for damage to her car and for her bodily injuries she was entitled to recover $1,234.39 from appellant.

Appellant filed an answer denying all the material allegations of the complaint. Five months later, on the day of trial, appellant filed a counterclaim in which he alleged that through the negligence of appellee, which, he averred, solely caused the collision, his truck was damaged in the sum of $503.15, for which he prayed judgment against appellee.

During his opening statement to the jury counsel for appellee attempted to tell the jury that as soon as he discovered that appellant was claiming that he had expended $503.15 to repair damage to his truck caused by the collision, he (counsel for appellee) caused to be issued and put in the hands of the sheriff a subpoena for the person who made the original bill at the garage where it was said the repairs to appellant's truck were made, requiring him to bring his records into court, but that when the sheriff served the subpoena he found him destroying his records. Appellee's attorney was not allowed by the court to complete his statement, but appellant insists that what appellee's counsel did say created such an atmosphere of prejudice toward appellant that a mistrial should have been ordered.

The state policeman who investigated testified that appellant told him a few minutes after the collision that his (appellant's) truck was not damaged in the collision.

Appellant in his belated counterclaim and in his testimony made the repair bill from the garage the basis of his claim. He testified that he had lost the original paid bill, but he had what he said was a copy thereof, showing different items of repairs aggregating $503.15, which sum he claimed as damage. This contention on the part of appellant, made not only in his testimony but in his pleading, certainly gave appellee the right to have the original records brought into court; and it justified appellee's counsel in explaining to the jury why these records could not be brought into court.

There was nothing improper in the opening statement made by appellee's counsel as to these records and the reason for their not being produced. *St. Louis, Iron Mountain & Southern Railway Company* v. *Bearden,* 107 Ark. 363, 155 S. W. 499.

## II.

Appellee testified that she had paid $2,500 for her automobile, which was a new Nash sedan, that she paid $234.39 to repair the damage done in the collision and then sold it for $1,500.

We have often held in cases involving damage to automobiles that cost of making repairs rendered necessary by the tortious act complained of is a proper factor to be considered in arriving at the amount of damage recoverable; and in the recent case of *Southern Bus Company* v. *Simpson, ante* p. 323, 215 S. W. 2d 699, we quoted with approval this excerpt from our opinion in the case of *Golenternek* v. *Kurth,* 213 Ark. 643, 212 S. W. 2d 14: " 'In the absence of other competent proof of market value, we have held that the difference in market value before and after the collision may be established by a showing of the amount paid in good faith for the repairs necessitated by the collision. (Citing cases.)' "

The lower court did not err in permitting testimony relative to amount paid out by appellee in having her automobile repaired immediately after the collision or in allowing appellant to be questioned as to cost of his repairs.

No error appearing, the judgment of the lower court is affirmed.