TOWNSHIP BUILDERS, INC. *v.* KRAUS
CONSTRUCTION CO., INC.

85-64 696 S.W.2d 308

Supreme Court of Arkansas

Opinion delivered September 16, 1985

*Richard L. Smith, P.A.*, by: *Daniel R. Carter*, for appellant.

*Hardin, Jesson & Dawson*, for appellee.

JACK HOLT, JR., Chief Justice. The sole issue presented by this appeal concerns the propriety of the trial court's order granting the appellee's motion for summary judgment. Our jurisdiction is pursuant to Sup. Ct. R. 29(1)(c) as we are being asked to interpret and construe the statute of frauds, Ark. Stat. Ann. § 38-101 (Repl. 1962).

The facts giving rise to this litigation are as follows. The appellant, Township Builders, Inc., (Township) filed suit against appellee, Kraus Construction Co., (Kraus) seeking damages for the breach of an alleged oral contract. Specifically, Township maintained that Kraus agreed on September 15, 1983, to retain Township as a subcontractor on the Lake Hamilton Sewer Improvement District (LHSID) project, and then refused to do so. Kraus filed a motion for summary judgment on the ground that the oral contract alleged by Township was not to be performed within one year and was therefore barred by the statute of frauds. The trial court granted summary judgment. Although the existence of the oral contract was also disputed, for purposes of determining the appropriateness of summary judgment, the parties agree that we should assume the oral contract between Kraus and Township was in effect when the breach occurred.

The origination date of the oral contract between Township and Kraus was September 15, 1983, although the LHSID project contract was not formally awarded to Kraus until December 30, 1983, with notice to proceed given on January 20, 1984. The LHSID project consisted of three schedules with each schedule divided into sections which were further subdivided into items. The oral contract between Township and Kraus was for 23 of the 53 items of section 3 of schedule 1.

In its motion for summary judgment, Kraus offered evidence that the contract could not be performed within one year. In response, Township produced testimony that it was possible to complete the contract within one year, by September 14, 1984.

The trial judge, in a letter opinion, found that the oral contract was entered on September 15, 1983, and that the

evidence offered showed the minimum time for completion would have been 365 days. Since work did not begin until January 23, 1984, the trial court held the contract could not have been performed within one year and was therefore barred by Ark. Stat. Ann. § 38-301. Accordingly, summary judgment was granted to the appellee.

 "It is well-settled that summary judgment should be granted only when a review of the pleadings, depositions and other filings reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Cummings, Inc.* v. *Check Inn*, 271 Ark. 596, 609 S.W.2d 66 (1980); Ark. R. Civ. P. 56. Summary judgment is an extreme remedy and any proof submitted must be viewed most favorably to the party resisting the motion and any doubts and inferences must be resolved against the moving party. *Leigh Winham, Inc.* v. *Reynolds Ins. Agency*, 279 Ark. 317, 651 S.W.2d 74 (1983). In order to be entitled to a summary judgment, the moving party has to show there is no issue of fact. *Hurst* v. *Feild*, 281 Ark. 106, 661 S.W.2d 393 (1983).

The question presented on this appeal is whether there was a genuine factual dispute as to the possibility of completing the contract within one year which was sufficient to present a question for a jury. We find that there was and reverse the trial judge.

Both parties offered evidence in the form of affidavits and depositions in support of their respective viewpoints. Township offered the affidavit of Spence Churchill, president of the company, in which he stated that at the time of contracting he contemplated it would take less than one year for Township to complete its portion of the work. Charles F. Jones, a professional engineer, stated in an affidavit that it is his professional opinion based on observation and experience that it is possible that the items of work Township was to perform could have been completed within 365 days. In an oral deposition, Jones further explained that the work could have been completed within 365 days from September 15, 1983. Kraus' witness, William J. Malone, a consulting engineer who prepared the specifications and plans for the LHSID project, testified that 450 days was the shortest time possible to complete Schedule 1. He admitted

however that it is possible that the contract between Kraus and Township could be completed by September 14, 1984 if there were some special incentives, but not under normal circumstances.

█ We have held that a contract was not within the provisions of the statute of frauds where the proof demonstrated that the contract was capable of performance within one year. In *Valley Planting Co.* v. *Wise*, 93 Ark. 1, 123 S.W. 768 (1909) the court found that if weather and labor conditions were favorable, a crop of cotton could be made and gathered within one year and therefore an oral contract for such was not prohibited by the statute of frauds. In *Valley Planting*, the court quoted the following general rules from *Railway Co.* v. *Whitley*, 54 Ark. 199, 15 S.W. 465 (1891):

> In determining when contracts come within the one-year statute of frauds, courts have been governed by the words, "not to be performed." They have treated them as negative words. In construing them it is said: "It is not sufficient to bring a case within the statute that the parties did not contemplate the performance within a year, but there must be a negation of the right to perform it within the year." . . . [I]t is well settled that the statute only includes those contracts. . . . which, according to a fair and reasonable interpretation of their terms in the light of all the circumstances which enter into their construction, do not admit of performance in accordance with their language and intention within a year from the time they were made; and that it includes no agreement if, consistently with its terms, it may be performed within that time.

These rules still apply.

In *Robertson* v. *Ceola*, 255 Ark. 703, 501 S.W.2d 764 (1973), the court found that there was evidence that by employing additional help, the job could be completed within the necessary time frame and the contract therefore was not prohibited by the statute of frauds.

█ In *Reed Oil Co.* v. *Cain*, 169 Ark. 309, 275 S.W. 333 (1925) the court stated that a contract does not come within the statute of frauds where the testimony shows it could be performed

within a year, although there was a possibility or even a probability that it might require a longer time. The statute only applies to agreements which are incapable of performance.

Here the testimony clearly raised a question of fact as to the possibility of performing the contract within a year. The purpose of summary judgment is not to try the issue but to determine if there are issues to be tried. *Trace X Chemical* v. *Highland Resources*, 265 Ark. 468, 579 S.W.2d 89 (1979). Accordingly the trial judge erred when he held that the oral contract could not have been performed within one year. We reverse and remand for a trial on the merits.

Reversed & remanded.

PURTLE, J., not participating.