Alfred CHADWELL and Helen Chadwell *v.* E.T. PANNELL and City of Prairie Grove

CA 88-228                                        766 S.W.2d 38

Court of Appeals of Arkansas
En Banc
Opinion delivered March 8, 1989

*Putman & Maglothin Law Offices*, by: *E.E. Maglothin, Jr.*, for appellant.

*Everett & Gladwin*, by: *Robert J. Gladwin*, for appellee E.T. Pannell.

*Boyce R. Davis Associates*, by: *Boyce R. Davis*, for appellee City of Prairie Grove.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from the Washington County Circuit Court. Appellants, Alfred and Helen Chadwell, appeal from an order granting summary judgment in favor of appellees, E.T. Pannell and the City of Prairie Grove. We reverse and remand.

Appellants purchased three lots in the Border Street Addition of Prairie Grove from appellee Pannell. Appellants contend that Pannell, acting both as owner/developer of the subdivision and as city building inspector, promised to complete improvements including installation of water and sewer lines, construction of paved streets and guttering, and construction of a cul-de-sac in conjunction with the contract and in exchange for their promise to purchase. The only writing evidencing the contract is the deed, executed in April of 1980, which makes no reference to the alleged promise to make the specified improvements. Appellants built a house and another structure on the property, after having obtained all necessary building permits from appellee Pannell, the city building inspector at the time. Appellants initiated this action in 1985 because the improvements were never made. Appellees set up both the statute of limitations and the statute of frauds as affirmative defenses and moved for summary judgment. By order filed April 19, 1988, the trial court granted

summary judgment on both defenses. From that order comes this appeal. For reversal appellant raises the following points:

## I.

THE TRIAL COURT ERRED IN GRANTING APPEL-LEES' MOTIONS FOR SUMMARY JUDGMENT BASED UPON FINDING APPELLANTS' CLAIMS WERE BARRED BY THE STATUTE OF FRAUDS.

## II.

THE TRIAL COURT ERRED IN GRANTING APPEL-LEES' MOTIONS FOR SUMMARY JUDGMENT BASED UPON A FINDING APPELLANTS' CLAIMS WERE BARRED BY THE STATUTE OF LIMITATIONS.

## III.

THE TRIAL COURT ERRED IN GRANTING APPEL-LEES' MOTIONS FOR SUMMARY JUDGMENT BASED UPON A FINDING THAT NO GENUINE ISSUES OF MATERIAL FACTS EXISTED TO BE DETERMINED BY THE TRIER OF FACT.

First, appellants argue that the court erred in finding their claims were barred by the statute of frauds. We agree. The trial court found that appellants' claims were barred because the alleged oral promises could not be performed within one year from the making thereof.

Arkansas Code Annotated Section 4-59-101(a)(6) (1987) provides:

> (a) Unless the agreement, promise, or contract, or some memorandum or note thereof, upon which an action is brought is made in writing and signed by the party to be charged therewith, . . . no action shall be brought to charge any:
>
> . . . .
>
> (6) Person, upon any contract, promise, or agreement, that is not to be performed within one (1) year from the making of the contract, promise, or agreement.

This provision has consistently been interpreted to include only

contracts which are incapable of performance within one year. In *Township Builders, Inc.* v. *Kraus Construction Co.*, 286 Ark. 487, 696 S.W.2d 308 (1985) (quoting *Railway Co.* v. *Whitley*, 54 Ark. 199, 15 S.W. 465 (1891)), the court stated "It is not sufficient to bring a case within the statute that the parties did not contemplate the performance within a year, but there must be a negation of the right to perform it within the year." A contract does not come within the statute of frauds where the testimony shows it could be performed within a year, although there was a / possibility or even a probability that it might require a longer time. *Id*. Here, there was no evidence that the contract could not be performed within a year. Although it may have been improbable, there was no evidence negating the right to install the water and sewer lines and construct the streets, guttering and cul-de-sac within one year. In any event, a question of fact existed as to the possibility of performing the contract within a year.

■ Appellees argue that the promises were part of a contract for the sale of realty and therefore were required to be in writing to be valid. Contracts affecting an interest in real property must be in writing to be enforceable. Ark. Code Ann. § 4-59-101(a)(4) (1987). However, partial or full payment of consideration together with taking of possession by the purchaser is sufficient to remove an oral contract from the statute of frauds. *Langston* v. *Langston*, 3 Ark. App. 286, 625 S.W.2d 554 (1981). We therefore find appellees' argument unpersuasive.

The purpose of summary judgment is not to try the issue but to determine if there are issues to be tried. *Trace X Chemical, Inc.* v. *Highland Resources, Inc.*, 265 Ark. 468, 579 S.W.2d 89 (1979). Accordingly, the trial judge erred when he held that the oral contract could not have been performed within one year.

Next, appellants argue that the court erred in finding that the cause of action was barred by the statute of limitations for an oral contract. Actions founded upon any contract not under seal and not in writing shall be commenced within three years after the cause of action accrues. Ark. Code Ann. § 16-56-105(1) (1987).

The contract or agreement in question was entered into April of 1980, and suit was filed in 1985. However, the period of limitations runs from the point at which the cause of action

accrues rather than from the date of the agreement. The nature of the agreement here is such that determining when the cause of action accrues is not without difficulty. Appellants argue that the limitation period began to run in 1984 because until then they had been repeatedly reassured by appellees that the improvements promised and contracted for would be made. Appellees argue that if the contract could have been performed within one year, the limitation period would have begun to run at the end of that period or alternatively at the time demand for performance was made and refusal to perform was expressed.

■■ This is not a case in which one party to an agreement is in default of an obligation due at a specified time, or has breached a duty on a certain date. In *Rice* v. *McKinley*, 267 Ark. 659, 590 S.W.2d 305 (1979), the court stated that where the parties have entered into an agreement which requires a series of mutual acts, some unilateral, some bilateral in character and have left the time of those acts open-ended, the cause of action does not accrue until one party has by word or conduct indicated to the other a repudiation of the agreement. We believe the holding in *Rice* is applicable to the agreement at bar. Here the agreement was both bilateral, wherein one party agreed to buy and the other to sell, and unilateral, as to appellees' promise to make improvements. The agreement left open-ended the time of performance for making the improvements. Thus, we believe the limitations period began to run when appellees by word or conduct repudiated the agreement. However, on the record before us, the date on which the alleged repudiation occurred is unclear. Under these circumstances, the date the limitations began to run is a question of fact. Where a question of fact remains to be resolved, the granting of summary judgment is inappropriate. *Ollar* v. *Spakes*, 269 Ark. 488, 601 S.W.2d 868 (1980). We therefore find that the trial court erred in granting summary judgment on the basis that the claim was barred by the statute of limitations.

■■ Finally, appellants argue that the trial court erred in finding that no genuine issue of material fact exists for determination by the trier of fact. Summary judgment is an extreme remedy which should be granted only when there is no genuine issue of material fact before the court. *Township Builders, Inc.* v. *Kraus Constr. Co.*, 286 Ark. 487, 696 S.W.2d 308 (1985). The evidence

must be viewed in the light most favorable to the party resisting the motion, and any doubts and inferences must be resolved against the moving party. *Leigh Winham, Inc.* v. *Reynolds Ins. Agency*, 279 Ark. 317, 651 S.W.2d 74 (1983).

Based upon our disposition of the previous points, issues of fact remain to be resolved with regard to appellees' affirmative defenses of statute of frauds and statute of limitations. If those facts are resolved in a manner which does not preclude recovery, factual issues remain as to the merits of the claim. It must be determined whether the alleged promises or representation were made by appellee Pannell. Because appellants have joined the City of Prairie Grove, it must be determined whether an agency relationship existed between appellee Pannell and the City. Ordinarily, agency is a question of fact to be determined by the trier of fact. *Evans* v. *White*, 284 Ark. 376, 682 S.W.2d 733 (1985). Our law is well settled that an agent acting within the apparent scope of his authority, even though in violation of actual authority, may bind his principal if the one with whom he deals does not have notice of these restrictions. *Walker* v. *Stephens*, 3 Ark. App. 205, 626 S.W.2d 200 (1981). The question of whether or not an agent is acting within the scope of his actual or apparent authority has always been held to be a question of fact for the jury or trier of fact to determine. *Id. See also Babbitt* v. *Gordon*, 251 Ark. 1112, 476 S.W.2d 795 (1972).

Based upon the above conclusions, we find that the trial court erred in granting summary judgment and, therefore, we reverse and remand for a trial on the merits.

Reversed and remanded.