## WALKER *v.* JOHNSON.

1. A parol contract for the delivery of materials is not void under the Statute of Frauds, unless it appears affirmatively that it was not to be performed within a year. If performance by the promisor can be required by the promisee within a year, the contract is valid.
2. A subsequent verbal agreement varying the manner of delivering them is binding.
3. The comments of the judge in his charge to the jury, as to the circumstances under which the defendant might be entitled to damages against the plaintiff, cannot be a ground of error, when there was no such issue, and when the defendant could not have been thereby prejudiced.
4. The court is not bound, at the request of counsel, to give as instructions philosophical remarks copied from text-books, however wise or true they may be in the abstract, or however high the reputation of the authors.

ERROR to the Circuit Court of the United States for the Northern District of Illinois.

On the twenty-first day of July, 1869, Edwin L. Sherburne, Edwin Walker, and Charles B. Farwell entered into a written contract with the canal commissioners of the State of Illinois, for the construction of a lock and dam in the Illinois River, near the city of Henry, in which they agreed to commence the work on or before the first day of August, 1869, and complete it by the first day of September, 1871.

Sherburne shortly after assigned his interest in this contract to James K. Lake, and Lake, Farwell, and Walker assigned the same, with the approval of the commissioners, to Willard Johnson, plaintiff below. But while Farwell, Lake, and Walker were the contractors, they made an agreement between themselves, in writing, by which, among other things, Walker was " to furnish all the stone necessary for the construction of the lock and dam, to be by him delivered on board of canal-boats at Henry, as the same might be required in the progress of the work, to be of the description required for said work;" and the prices that he was to receive for the various kinds of stone so delivered were settled. It is alleged by Johnson, that, after the contract with the commissioners had been assigned to him, Walker agreed with him to furnish the stone for the work in the same manner and on the same terms as in this contract with his former partners. And that, by reason of his failure to do so, he, the plaintiff, was greatly damaged; and for that he brought this action. A verdict and judgment for $6,500 were rendered against defendant Walker, to which he prosecutes the present writ of error.

The errors assigned relate exclusively to exceptions taken to the charge of the judge, and to his refusal to charge as requested by the defendant. They are fully stated in the opinion of the court.

*Mr. Melville W. Fuller* for the plaintiff in error.

The contract was void under the Statute of Frauds. Browne, Stat. Frauds, sects. 279, 283 ; *Packet Company* v. *Sickles*, 5 Wall. 580 ; *Birch* v. *The Earl of Liverpool*, 9 Barn. & Cress. 392 ; *Dobson and Another* v. *Espie*, 2 H. & N. 81 ; *Boydell* v. *Drummond*, 11 East, 142.

The alleged parol contract to deliver the stone by railroad, instead of by canal-boats as agreed upon in the original contract, was without consideration, and therefore void. *Gross* v. *Nugent*, 5 Barn. & Adol. 65 ; *Lattimore* v. *Hensen*, 14 Johns. (N. Y.) 330 ; *Munroe* v. *Perkins*, 9 Pick. (Mass.) 295.; *Adams* v. *Nichols*, 19 id. 275 ; *Crowley* v. *Vitley*, 7 Ex. 319 ; *Payne* v. *New. S. C. Co.*, 10 id. 291 ; *Thurston* v. *Ludwig*, 6 Ohio St. 1 ; *Hunt* v. *Barfield*, 19 Ala. 117 ; *Gerhard* v. *Bates*, 2 El. & Bl. 486 ; *Swain* v. *Seamans*, 9 Wall. 254.

It was also void, because entered into after breach in the original contract.

*Mr. Francis Kernan, contra.*

If by the terms of a contract, the subject-matter, and the situation of the parties, it is shown that the contract can, and reasonably may in its execution, be required to be performed within a year, it is not within the Statute of Frauds. Browne, Stat. Frauds, sects. 274, 275, 278 *a*, 279, 281, 286, and cases cited; *White* v. *Murtland*, 71 Ill. 250; *Kent* v. *Kent*, 62 N. Y. 564; *Morley* v. *Noblett*, 42 Ind. 85; *Larimer* v. *Kelly*, 10 Kan. 298; *Gault* v. *Brown*, 48 N. H. 183; *Peters* v. *Westboro'*, 19 Pick. (Mass.) 365; *Blake* v. *Cole*, 22 id. 99; *Somerley* v. *Buntin*, 118 Mass. 286; *Blair* v. *Walker*, 39 Iowa, 410; *Greene* v. *Harris*, 9 R. I. 401; *Hodges* v. *Richmond*, id. 487; *Souch* v. *Strawbridge*, 2 C. B. 811; *Plimpton* v. *Curtis*, 15 Wend. (N. Y.) 336; *Peter* v. *Compton*, 1 Sm. L. C. 432.

There was no error in the instruction of the court below, that it was competent for the parties to modify the terms of their original contract by agreeing that the stone should be delivered by railroad instead of by canal-boats. Their mutual promises were a sufficient consideration. *Law* v. *Forbes*, 18 Ill. 568; *Bishop* v. *Busse*, 69 id. 403; *Cooke* v. *Murphy*, 70 id. 96; *Carrier* v. *Dilworth*, 59 Pa. St. 406; *Hill* v. *Smith*, 34 Vt. 535; *Monroe* v. *Perkins*, 9 Pick. (Mass.) 298.

MR. JUSTICE MILLER delivered the opinion of the court.

The first error arises upon the proposition of defendant, that the contract, being one not to be performed within a year from the time it was made, and resting only in parol, was void, and could not sustain the action. Evidence was given which tended to show that the agreement between plaintiff and defendant was made early in November, 1869, and renewed or modified in April, 1870. As by the terms of the original contract with the canal commissioners the work was to be completed on or before Sept. 1, 1871, defendant insisted that his contract for delivery of stone had the same time to run; and his counsel asked the court to instruct the jury that it was void, if it appeared from the Farwell, Lake, and Walker contract that it was not the intention and understanding of the parties that the same should be per-

formed within the space of one year from the making of the verbal agreement between plaintiff and defendant.

The court refused this instruction, and told the jury that if it appeared from the contract itself that it was not to be performed, or was not intended to be performed, within a year, it was void; but that if it was a contract which might have been performed within a year, and which the plaintiff, at his option, might have required the defendant to perform within a year, it was not within the statute.

We think the court ruled correctly, both in what it charged and in what it refused.

1. In order to bring a parol contract within the statute, it must appear affirmatively that the contract was not to be performed within the year. We have had occasion to examine this question very recently in the case of *McPherson* v. *Cox* (*supra*, p. 404). We said, in that case, that the statute "applies only to contracts which, by their terms, are not to be performed within the year, and not to contracts which may not be performed within that time." The court said, in regard to that case, which was a contract by a lawyer to conduct a suit in court, that there was nothing to show that it could not have been fully performed within a year. So, in this case, the lock and dam were to be completed on or before Sept. 1, 1871. Clearly, the contractor had the right to push his work so as to finish it before November, 1870, which would have been within a year from the date of Walker's contract with plaintiff.

If plaintiff had a right to do his work within that time, he had a right to require of defendant to deliver the stone necessary to enable him to do it. There is no error in the action of the court on this branch of the subject.

2. It will be observed that, by the agreement of Walker with his partners, he was to deliver at Henry in canal-boats. Evidence was given tending to show that, in the spring of 1870, it was agreed between him and plaintiff that he should deliver by railroad; and the court charged the jury that it was competent for the parties to change the contract in that regard, if they chose; and that if the jury found that defendant did so agree, he was bound by such agreement as he made, if any.

The original contract between Johnson and Walker was in

parol; and if the parties, for their mutual convenience, or for no good reason at all, chose a delivery by rail, both of them consenting thereto, we think that the change in the mode of delivery became a part of the contract.

3. There was evidence tending to show that, while defendant was performing part of the contract, he received notice from plaintiff that he would take no more stone from him; and also evidence that, shortly after this, the parties had an interview, in which this notice was waived, and Walker agreed to go on with the contract. On this part of the case the court said:—

"If the testimony satisfies you that the defendant did, after the notice of the 12th of May, recognize the contract as still in force, and promise the plaintiff that he would go on and complete the same, the defendant cannot now claim as a defence to this action that said notice released him from the performance of the contract.

"If, on the contrary, you are satisfied that the defendant made no agreement after the notice to stop on the 12th of May, recognizing the contract as still in force, or promising to perform it or continue it in force, then the defence may be considered made out, although the notice to suspend might entitle the defendant to dama es; but I do not think it necessary to discuss the question of the defendant's damages."

The court, however, did, in answer to a suggestion of counsel for defendant, that the latter would have a right to damages for the withdrawal of the contract by plaintiff, proceed to make some remarks on that subject to which defendant excepts, and which he now assigns for error.

We do not see any thing in these remarks to complain of, except that they were irrelevant to any issue in the case. There was no plea or cross-demand under which those damages could have been passed upon by the jury. As they in nowise prejudiced defendant in the present action, we are not called on to consider further their soundness as matter of law.

4. The court was asked to instruct the jury "that verbal admissions, while, if deliberately made and precisely identified, they frequently furnish satisfactory evidence, are to be received with great caution; and the attention of the jury should be directed, in passing upon alleged verbal admissions, to whether

the witnesses testifying thereto distinctly understood the party charged in what he said, and whether they have or have not, intentionally or unintentionally, failed to express what was actually said." But the court refused said instruction.

This is the ground of the last assignment of error.

There is nothing in the testimony, as we find it in the bill of exceptions, to which such a charge could apply. There are no admissions, properly so called, of defendant relied on in the case. The testimony in regard to the renewal of the contract after plaintiff's letter to defendant, that he would receive no more stone from him, is not an admission : it is a conversation between plaintiff and defendant, in which the contract is renewed or the abandonment waived. It is explicitly stated by plaintiff that defendant agreed to recommence the delivery of stone and complete the contract. Whatever else this may be, it is no admission. This word, in the sense of the quotation from Greenleaf, asked by counsel as a charge, means an admission by a party of some existing fact or circumstance which tells against him in the trial, and does not relate to the terms in which a substantive verbal contract is made by the parties.

Besides, it is apparent that the attention of the jury was directed by the court to all the matters essential to their understanding the case ; and we do not admit that a court is bound to give to the jury, at the instance of counsel, every philosophical remark found in text-books of the law, however wise or true they may be in the abstract, or however high the reputation of the author.

We find no error in the record, and the judgment of the Circuit Court is

*Affirmed.*