## MUNICIPAL GAS CO. v. GILKERSON.

No. 22659.   Opinion Filed Nov. 1, 1932.

Rehearing Denied Nov. 29, 1932.

Jno. W. Porter, for plaintiff in error.

Benjamin B. Wheeler, for defendant in error.

McNEILL, J. This is an action instituted in the district court of Muskogee county, Okla., on March 25, 1930, for the recovery of balance due on account in the sum of $258.64, for work and labor performed, and for the sum of $2,122, for damages and breach of an alleged verbal contract. Two causes of action were pleaded.

Plaintiff alleged that he was employed by the defendant, Municipal Gas Company, a corporation, to do boring under the streets, alleys, street car lines, railroads, and other obstructions where the defendant wished to lay its gas pipe line in the city of Muskogee, Okla., at and for an agreed price of $2 per foot, and that the defendant prevented him from carrying out the terms of this verbal agreement and itself bored 2,224 feet and 4 inches, whereby plaintiff was damaged in the sum of $1 per foot, which represented his profit on said boring. Plaintiff further alleged that defendant agreed to pay plaintiff in addition thereto for work incidental to said boring as set forth in an itemized statement attached to the petition.

The defendant filed an answer containing a general denial as to both causes of action and pleading payment as to the balance due on plaintiff's first cause of action, and as a further defense defendant pleaded that the contract sued upon was in violation of the first statute of frauds, to wit: "An agreement that by its terms is not to be performed within the year from the making thereof," and that by virtue thereof there could be no recovery on the part of the plaintiff. The court permitted this pleading in reference to the statute of frauds to be made during the trial after the plaintiff had introduced his evidence and rested.

The plaintiff replied by way of general denial. The case was tried before the court and jury, resulting in a verdict in favor of the plaintiff and against the defendant in the full amount sued upon in the first cause of action in the sum of $258.84, and in the sum of $1,236.56 on plaintiff's second cause of action.

The defendant assigns as error that there was an abuse of discretion on the part of the court in overruling the motion of defendant for continuance. We think there is no merit in this contention, as the court permitted the defendant to read a part of his motion for continuance as testimony in the case, plaintiff not admitting the truthfulness of the statements contained in said affidavit, but merely admitting that the witness would testify to those things contained in the affidavit if he were present. The defendant also complained in reference to plaintiff's first cause of action that the plaintiff had been overpaid.

Plaintiff alleged and proved that he did extra work for the defendant in addition to the balance due and unpaid for the boring in the sum of $108.50. The jury resolved these facts in favor of the plaintiff, and returned a verdict for the plaintiff on plaintiff's first cause of action for the full amount pleaded, in the sum of $258.64. We find no error in this question. Defendant's major proposition concerns his plea of the statute of frauds. Counsel for defendant contends that the contract sued on comes plainly within the first section of the statute of frauds. Section 5034, O. O. S. 1921 [O. S. 1931, sec. 9455] is as follows:

"Statute of Frauds. The following contracts are invalid unless the same or some note or memorandum thereof, be in writing and subscribed by the party to be charged or by his agent.

"First. An agreement that, by its terms, is not to be performed within a year from the making thereof."

It is the theory of the defendant that it would take more than a year to do all the boring required under the contract, and that it was not the intention of the parties to do the same within a year; that the contract was based on the franchise and the franchise was for 25 years. The franchise which had been granted to the defendant

286

by the city of Muskogee for the selling and distribution of natural gas in said city was for a term of 25 years. It appears that this franchise was effective on October 23, 1928, and the contract to bore the streets was made with the plaintiff on or about June 1, 1928. The statute of frauds referred to is to be treated as containing negative words. The statute does not say that the contract must be completed within a year to be valid, and it does not say that it is invalid if it may not be completed within a year. It states that the contract is invalid if it is not to be performed within a year from the making thereof.

The Supreme Court of the United States, in the case of Walker v. Johnson, 96 U. S. 424, 24 L. Ed. 834, said:

"To make a parol contract void within the statute of frauds, it must appear affirmatively that it was not to be performed within a year."

25 R. C. L. 454, section 29, announces the following rule:

"In order to bring a contract within the infra annum clause, it must appear affirmatively that it is not to be performed within the year. And it has been said that the purpose of the statute is to provide only for a case in which there cannot be an actionable breach within the specified time. So it is the generally accepted rule that to bring a contract within its operation there must be an express and specified agreement not to be performed within the space of a year; if the thing may be performed within the year, it is not, within the statute, a restricted construction being given to the statute on account of the negative form of the provision. A contract is not brought within the statute by the fact that the full performance within a year is highly improbable, nor by the fact that the parties may not have expected that the contract would be performed within the year. This is said to be true if there is a possibility of its being performed within a year, and there is no stipulation that it shall not be so performed. If an agreement is capable of being performed within a year it is not within the statute, although it be not actually performed till after that period, and after the expiration of the year it still remains binding."

Our own court, in the case of Uncle Sam Oil Co. v. Richards, 60 Okla. 63, 158 P. 1187, adheres to this rule. The Supreme Court of Arkansas, in the case of Arkansas Midland R. Co. v. Whitley, 15 S. W. 465, 11 L. R. A. 621, said in its opinion, in commenting on the case of McPherson v. Cox, 96 U. S. 404, 24 L. Ed. 746, as follows:

"In that case it was held that a contract to pay an attorney at law for his services, to be rendered in suits concerning land, a specific sum of money, out of the proceeds of the * * * land, when it was sold by the client, did not come within the statute, for it might have been performed within the year. * * *

"In determining when contracts come within the one-year statute of frauds, courts have been governed by the words, 'not to be performed.' They have treated them as negative words. In construing them, it is said 'It is not sufficient to bring the case within the statute that the parties did not contemplate the performance within a year, but there must be a negation of the right to perform it within the year.' According to this rule of construction, it is well settled that the statute only includes those contracts or agreements which, according to a fair and reasonable interpretation of their terms, in the light of all the circumstances which enter into their construction, do not admit of the performance in accordance with their language and intention, within a year from the time they were made, and that it includes no agreement, if consistently with its terms, it may be performed within that time. Accordingly, it is also well settled that agreements which contain no stipulations as to time, but depend for performance, either expressly or by reasonable implication, upon the happening of a certain contingency which may occur within the year, do not come within the statute."

27 C. J., on pages 174 and 178, announces the following rule:

"In determining when contracts come within the one-year statute of frauds, the courts have been governed by the words, 'not to be performed.' They have treated them as negative words. To bring a particular contract within the statute, there must be a negation of the right to perform it within a year. * * *

"In General. An oral agreement to do some particular act which fixes no definite time for its performance, but which, in view of the understanding of the parties and of its subject-matter, is capable of full performance within one year after the making thereof, is not within the statute."

In the Uncle Sam Oil Co. v. Richards Case, supra, this court, in the fourth paragraph of the syllabus, said:

"A contract * * * does not fall within the statute of frauds, as being a contract which by its terms is not to be performed within one year, since the contract may be completely performed in less than a year."

In the body of the opinion, the court said:

"* * * Where a contract may be fully performed within a year, it does not fall within the prohibition of this section of the statute of frauds, even though it may be continued in force for an indefinite period."

The evidence on the question whether the

contract could be completed within a year was conflicting. The plaintiff stated that he could have completed it within a year. The court, on the question of the statute of frauds, instructed the jury as follows:

"As to plaintiff's first cause of action, you are instructed that if you find and believe from a preponderance of the evidence that the plaintiff has not been paid in full for the work alleged to have been done, as alleged and stated in first cause of action, then and in this event the plaintiff would be entitled to recover upon his first cause of action whatever sum you find from the evidence is due and unpaid, not to exceed the sum of $258.64.

"You are instructed that the Compiled Laws of Oklahoma provides; That a contract or agreement not in writing is invalid when by its terms it is not to be performed within a year from the making thereof.

"You are, therefore, instructed that if you find and believe from a preponderance of the evidence that a contract was entered into by and between the plaintiff and the defendant as set out and alleged in the plaintiff's petition and that said contract was not to be performed within a year from the making thereof and was not in writing, then and in this event the plaintiff could not recover upon his second cause of action, but in this connection you are further instructed that if you find and believe from a preponderance of the evidence that a verbal contract was entered into between the plaintiff and the defendant under and by the terms of which the plaintiff was to do certain boring for the defendant as set out and alleged in the plaintiff's petition, and that it was understood by and between the parties at the time that the work agreed to be done under said contract should be completed or performed within a period of one year from the date of said contract, and that said contract was breached by the defendant company in failing to permit the plaintiff to perform said work, and that the plaintiff was damaged by reason of the breach of said contract and if you should find for the plaintiff upon his second cause of action, the amount of his recovery would be whatever you may find would have been his profit, in the event he had been permitted to do the work. that is, the boring done by the defendant."

This instruction was more favorable to the defendant than the defendant was entitled to receive under the foregoing authorities. The court in the instruction placed the burden upon the plaintiff to prove "that it was understood by and between the parties at the time that the work agreed to be done under said contract should be completed or performed within the period of one year from the date of the contract," before the plaintiff would be entitled to recover. The instruction should not have gone so far. It should have been to the effect that said work could have been completed, or performed, within a period of one year from the date of said contract. Walker v. Johnson, 96 U. S. 424, 24 L. Ed. 834, McPherson v. Cox, 96 U. S. 404 24 L. Ed. 746; Warner v. T. & P. Ry. Co., 164 U. S. 418, 41 L. Ed. 495; Lockwood v. Barnes (N. Y.) 38 Am. Dec. 620; McClanahan v. Otto-Marmet Coal & Min. Co., 74 W. Va. 543, 82 S. E. 752; Reckly v. Zenn, 74 W. Va. 43, 81 S. E. 565; Ford Lumber & Mfg. Co. v. Cobb (Ky.) 127 S. W. 763; Van Woert v. A. & S. R. Co., 67 N. Y. 538; Reynick v. Allington & C. Mfg. Co., 179 Mich. 630, 146 N. W. 252; American Fine Arts Co. v. Simon, 140 Fed. 529; Kent v. Kent, 62 N. Y. 560, 20 Am. Rep. 502; Wood & B. Co. v. Hewett Lumb. Co. (W. Va.) 109 S. E. 242; Brown v. W. M. Ry. Co. (W. Va.) 99 S. E. 457.

The defendant did not object to any of the instructions given by the court, but complained that the court erred in refusing to give certain requested instructions. We think there is evidence to sustain the verdict of the jury, and that there was no prejudicial error in the giving of the instructions, or the refusal of the requested instructions.

The judgment of the trial court is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur.