**MARKOWITZ BROTHERS, INC., a Florida corporation, Plaintiff,**

v.

**JOHN A. VOLPE CONSTRUCTION CO., Inc., a Massachusetts corporation, Defendant.**

**Civ. No. 129–62–M.**

United States District Court
S. D. Florida,
Miami Division.

Sept. 13, 1962.

---

Williams, Salomon, Kenney & Lindzon, Miami, Fla., for plaintiff.

Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, Fla., for defendant.

DYER, District Judge.

This cause came on to be heard upon Defendant's motion for summary judgment, based upon the contention that even admitting for the purposes of this motion that an oral contract in the terms alleged had been entered into, the contract was unenforceable under the "one year clause" of the Florida version of the Statute of Frauds, F.S.A. § 725.01. The court has heard argument of counsel, has considered the pleadings, depositions and other matters of record, as well as the briefs of the parties, and, is of the opinion that some discussion of the applicable law may be fruitful.

It is apparent from a consideration of the texts and commentators (49 Am. Jur. Statute of Frauds, §§ 23–37; Brown on Statute of Frauds, 5th Ed., § 271 et seq.; 3 Williston on Contracts, 3rd Ed., § 500 et seq.; 25 R.C.L. § 452 et seq.; 129 ALR 534, Anno.: Statute of Frauds against oral contracts not to be performed within a year), as well as the leading cases (e. g. Walker v. Johnson, 96 U.S. 424, 24 L.Ed. 834; Warner v. Texas and Pacific Railway Company, 164 U.S. 418, 17 S.Ct. 147, 41 L.Ed. 495, which exhaustively considers the cases, both English and American) that the general rule, both in this country and in English jurisprudence before the time of the Declaration of Independence, was to the effect that, unless the *terms* of the contract specifically, or at least by necessary implication, negatived the right to perform within a year, the statute did not apply if under any possible circumstances performance was possible within that time; this was without regard to the intent of the parties, even though they obviously intended and expected performance to last beyond a year, unless such time of performance was a term, expressed or implied of the contract.

However, there seems always to have been a minority of courts which rejected this mechanical application of the rule, and looked to the intention of the parties, evidenced by the object of the contract and the contemplated mode of performance. (Cf. comments of text writers,

supra). This doctrine seems gradually to have gained more adherents.

Florida has never directly passed upon the question. (No one has suggested that any law other than that of Florida applies to this contract, performance of which must take place within Florida, although the actual place of acceptance may have been elsewhere.) But, as long ago as Summerall v. Thoms, 3 Fla. 298 (1850) we find the court stating at page 306 "it seems difficult and even impossible to suppose * * * that it was in contemplation of anyone that this agreement could be performed within one year of the making thereof, but on the contrary it was intended to extend to the time of Phoebe's death * * *" Obviously Phoebe's death could have occurred within the year, so in effect the court seems to look to the contemplation of the parties and not the mere possibility of performance within the year. In Yates v. Ball, 132 Fla. 132, 181 So. 341, the only Florida case which considered the point, the court, in a dictum, cites with approval the minority rule, although it actually decides the case on other grounds.

In the latest revision of Williston on Contracts the modern rules are set out as follows:

"§ 500. Contracts not intended to be performed within a year.

"Another fine but important distinction is between:

"1. A contract which can be performed, as the parties intend that it shall be performed, within a year, though they fully expect that performance will take a longer period and

"2. A contract which cannot be performed within a year, as the parties intend and expect that it shall be performed, though performance in a different way within that time is conceivably possible and if so made would satisfy the literal words of the contract.

"Contracts of the first sort are not within the Statute; those of the second sort are held at least by many courts to be within the Statute. The opinion of the parties as to the time which a given performance will take is immaterial, but their mutual intentions as to the method of performance is important, and if that method cannot possibly be carried out within a year, the fact that another method which would satisfy the legal obligation is logically conceivable will not save the contract.

\* \* \* \* \* \*

"But in some of the cases hereafter referred to, it seems that performance of the contracts in question if completed within a year, could not have been objected to; and the contracts were nevertheless held within the Statute because performance in the way intended and expected, though not specially contracted for, could not be made within a year. 'Of course, it was possible the contract here could have been performed within a year, but the facts and circumstances in evidence clearly show no such result was contemplated by the parties at the time.' (citing Cumberland [& M. R. Co.] v. Posey [196 Ky. 379], 244 S.W. 770, Ky.)

"Thus a contract to do construction or engineering work which can only be fulfilled within a year by abnormal and unusual methods not within the contemplation of the parties has been held within the statute." (citing Meyer v. [E. G.] Spink [Co., 76 Ind.App. 318], 124 N.E. 757, [76 Ind.App. 318] 127 N.E. 455)

■ It seems safe to say in the light of the past rulings in Florida—and the more persuasive rationale of the minority position, especially in this day of negotiations looking to the formation of informal contracts not under seal—that the minority rule is the one to be followed in this case. It becomes necessary then, to look to the contract as pleaded and see whether as a matter of law, taking all the terms of the contract pleaded

as true, the statute applies or not. Phrased differently, does the alleged contract and the circumstances surrounding its formation indicate that the parties must have intended a mode of performance which contemplated a period longer than a year for completion of the contract?

 All indications are that they did. Performance of this sub-contract concluded, if at all, on January 18, 1962, could not even begin until some indefinite future date. The work was of a type which was to extend for nearly, if not all, of the time of the main contract. The main contract itself contemplated that completion should be within 660 days, and while it could have been possible to complete it within a year, upon a three shift priority basis, it was not contemplated by the Government, the general or the sub-contractor that it should be so completed. Depositions of the principal actors indicate that it was contemplated that negotiations should eventually lead to a written contract. While this latter point is more particularly a factor in determining whether there was a contract or not before actual reduction to writing (a point not before me on this motion) it is also some indication that they recognized such a contract desirable and even required under the circumstances.

Plaintiff does not contend that completion was contemplated within a year, but to defeat this motion simply relies upon the majority rule and his affidavits which under that rule would raise a fact question as to whether performance *could* be completed within a year. However, reading the law as I think the Florida court has construed it, such a showing is not enough and the possibility of performance is of only minimal importance as bearing on the parties intent. In Plaintiff's own pleading it is apparent (¶ 8 count 1 of amended complaint) that the sub-contract was made in the light of the specifications which would become a part of the prime contract including the 660 day maximum and the type of work to be performed.

¶ 1 of count 2 seems to indicate Plaintiff did not consider the contract pleaded as anything more than an agreement to agree in writing as does the unnumbered paragraph of count 3. Therefore, for the reasons and upon the authority indicated above, I am forced to conclude that both parties understood and intended that this contract, if entered into, would continue beyond a year from the date it was made. Moreover, the pleadings and depositions show that both parties intended to satisfy the statute by a written instrument as soon as preliminary negotiations were concluded. For these reasons the contract here pleaded is unenforceable as not in compliance with the Statute of Frauds, and it is, upon consideration,

ORDERED, ADJUDGED and DECREED that Defendant's motion for summary judgment be and the same hereby is granted.