PER CURIAM.
The plaintiff in the trial court appeals an order dismissing its complaint with prejudice. The controlling question is whether the contract sought to be enforced was an oral agreement within the Statute of Frauds (§ 725.01, Fla.Stat., F.S.A.) in that it was an “ * * * agreement that is not to be performed within the space of one year from the making thereof, * *
Plaintiff-appellant operates a rattan furniture factory. Sheldon Rutter, one of the defendants and an appellee here, is an industrial designer whom plaintiff-appellant orally agreed to work with in creating and designing a new and unique style of rattan furniture. Plaintiff was to contribute the necessary materials, factory time and employees ; Rutter was to contribute his skill. Each would retain a one-half ownership in the project. It was not alleged how the profits were to be made, but it was alleged that Rutter was to purchase the furniture from appellant and act as the exclusive distributor. The complaint sought an injunction to prevent Rutter and another defendant from manufacturing the styles in which appellant claimed a one-half interest.
The chancellor correctly dismissed the complaint under the rule stated in Yates v. Ball, 132 Fla. 132, 181 So. 341, 344:
“The general rule so stated is subject to the qualifying rule that when no *12 time is agreed on for the complete performance of the contract, if from the object to be accomplished by it and the surrounding circumstances, it clearly appears that the parties intended that it should extend for a longer period than a year, it is within the statute of frauds, though it cannot be said that there is any impossibility preventing its performance within a year. 25 R.C.L. 458.”
Appellant’s remaining points have been examined and they do not present a basis for reversal.
Affirmed.