Harry H. Mitchell of Mitchell & Mitchell, Rufus O. Jefferson, Tallahassee, Fla., for plaintiff.

A. Frank O'Kelley, and Chas. H. Spitz, of Keen, O'Kelley & Spitz, Tallahassee, Fla., Martin, Snow, Grant & Napier, Macon, Ga., for defendant.

**DOVE SHEET METAL, INC., Plaintiff,**

v.

**HAYS HEATING & PLUMBING CO.,**
**Defendant.**

**No. 1051.**

United States District Court
N. D. Florida,
Tallahassee Division.

Jan. 27, 1966.

CARSWELL, Chief Judge.

There is no disagreement at all between the parties with reference to any material facts. The sole issue before the Court on defendant's motion for summary judgment is the application of Florida Statutes 725.01, F.S.A. (Florida's Statute of Frauds) which provides that no action shall be brought upon any agreement that is not to be performed within the space of one year from the making thereof, unless the agreement or

promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing.

Essentially, the depositions and affidavits show that some time in October 1964 James Hays and Robert Dove, representing their corporate enterprizes, had a conversation in Tallahassee, Florida, with respect to prospective employment of Dove by Hays to do certain sheet metal work on the State Road Department building at Tallahassee which was at that time extant only upon the drawing boards and the subject matter of bidding by prime contractors. There is no challenge, one by the other, of each individual's account of what transpired in this conversation, either in words or interpretation or import. Hays expressed the view that he thought he knew who would get the prime contract and that he, Hays, would be one of the subcontractors, in which event Hays agreed to sub-sub the duct work to Dove. Dove submitted to Hays certain estimates for the duct work to be done on subject building. Both Hays and Dove were then fully aware of the general terms of the prime contract to be let and were specifically aware of the fact that the job was to be substantially completed within 730 calendar days after execution of the contract by the State of Florida. As noted before, the contract was not at that time executed. Thereafter, Hays' bid was, in fact, accepted by the successful bidder on the prime contract, and then Hays, however, did not call upon Dove to do the duct work but instead contracted with another. The Court notes that Dove did not expend any sums for materials in contemplation of the oral agreement nor was any work of any nature performed by him beyond his submitting estimates to Hays previously referred to. He says his injury arises from the fact that he gave up other business in contemplation of the work to be done on the State Road Department building.

Although the facts are distinguishable, the case of Markowitz Brothers, Inc. v. John A. Volpe Construction Company, D.

C., 209 F.Supp. 339, is persuasive authority in support of defendant's motion here. In that case Judge Dyer reviewed the Florida law on the point and considered the philosophies of other jurisdictions with respect to the application of statutes of fraud. In both that case and the instant one there has been no question that Florida law controls. Although the Supreme Court of Florida has never directly passed upon the precise question, this Court concludes that the rationale of Judge Dyer's opinion is valid.

■ The Court concludes that the yardstick of determination is the contemplation of the parties of the time involved to complete the work and not the mere possibility of performance within a year. Dove's contention that the work might possibly have been completed within a year of October 1964 loses all force in view of the admitted fact that the construction of the building was not to be completed for 710 days. The record also shows here that it was highly probable that no duct work could be commenced on the subject building until construction had actually been underway for about a year. Assuming the most fortuitous circumstances for rapid construction, plaintiff Dove still does not contend that its prospective work was contemplated for completion within a year of October 1964. His basic contention, like the plaintiff in Markowitz, supra, is that the duct work *could* be completed within a year of the oral agreement. This possibility, however, loses all force in face of the parties intent to the contrary.

■ The Court finds from the record before it here that both Dove and Hays understood and intended that their oral agreement, if ever entered into, would extend beyond a year from the date it was made. The Court concludes that the contract is unenforceable and not in compliance with the Florida version of the statute of frauds, F.S.A. 725.01, and, therefore, defendant's motion for summary judgment is granted by appropriate order this date.