HENDRY, Chief Judge.
Plaintiff, Nathan Manas, filed a complaint in which he alleged that in consideration for his past loyalty and services and in further consideration for his future employment and service, the defendant corporation by and through its officers orally agreed, on or about November 1, 1961 to purchase for plaintiff ,3,000 shares of its stock at a value of $16,500.00 which stock purchase was to be in lieu of a $5,500.00 annual bonus agreed *481 to be paid in yearly installments over the subsequent three year period.
The plaintiff further alleged in the complaint that it was represented to him that such a purchase by the corporation would be in violation of Federal Securities Exchange Commission regulations and therefore a bank loan was arranged for the plaintiff for the purchase of the stock, this loan was to be repaid with the bonus installments. The plaintiff resigned his employment in October, 1964. It was alleged that during the three year period a $2,500.00 bonus was paid. Judgment was therefore demanded in the sum of $14,000.00. The trial court entered a summary final judgment in favor of the defendants.
The allegations of the plaintiff amount to an oral obligation undertaken by the defendants to pay him $16,500.00 as a bonus for his services for three years payable in annual installments of $5,500.00. This amount was in addition to his salary.
Section 725.01, Fla.Stat., F.S.A., the Florida statute of frauds provides that “fn]o action shall be brought whereby * * * to charge any person * * * upon any agreement that is not to be performed within the space of one year from the making thereof, unless the agreement * * * shall be in writing”.
The plaintiff alleges that if the oral agreement is found to be within the statute of frauds it should nevertheless be enforced because he has fully performed his part of the agreement; and, that because he has changed his position to his detriment in obtaining a cash loan for the purchase of the stock, the defendant should be estopped to assert the statute of frauds.
The alleged oral agreement to pay a bonus for services to be performed over a period of three years is within the statute of frauds. In a situation similar to the one before us, the Second District found that the fact that the employee performed the services was not sufficient to take the contract out of the statute of frauds. Rowland v. Ewell, Fla.App.1965, 174 So.2d 78. The facts of this case indicate that the services relied on by the plaintiff were services for which he received a regular salary and which were not exclusively referable to an agreement to pay a bonus. Furthermore, the plaintiff has not shown sufficient reason why the defendant should be estopped from asserting the statute of frauds.
The plaintiff also asserts that certain costs were erroneously taxed against him; however, no error has been shown.
Therefore, the judgment appealed is affirmed.
Affirmed.
CARROLL, J., dissents.