PIERCE, Judge.
The trial Court was correct in rendering its final judgment against the appellants-plaintiffs upon motion for directed verdict at the conclusion of appellants’ case, and concluding that the oral contract sued upon was within the Statute of Frauds, F.S. § 725.01, F.S.A.
Appellant Harrison testified that it was the intent of the parties that performance of the contract would extend at least three years. We affirm the judgment appealed on authority of Yates v. Ball, 1937, 132 Fla. 132, 181 So. 341; Markowitz Bros., Inc., v. John A. Volpe Const. Co., D.C.S.D. Fla.1962, 209 F.Supp. 339; Dove Sheet Metal, Inc. v. Hays Heating & Plumbing Co., D.C.N.D.Fla.1966, 249 F.Supp. 366; Rattan & Bamboo Shop, Inc. v. Rutter, Fla.App.1962, 147 So.2d 11; Manas v. Southern Diversified Industries, Inc., Fla.App.1967, 193 So.2d 480; Tanenbaum v. Biscayne Osteopathic Hospital, Inc., Fla.App.1965, 173 So.2d 492; Fla.1966, 190 So.2d 777.
Appellants contend that the Statute of Frauds is not applicable in this case because the contract was for the appellant Harrison’s lifetime, relying on Exchange National Bank of Tampa v. Bryan, 1936, 122 Fla. 479, 165 So. 685; Berger v. Jackson, 1945, 156 Fla. 251, 23 So.2d 265; and Schenkel v. Atlantic National Bank of Jacksonville, Fla.App.1962, 141 So.2d 327. The theory of these decisions is that “since death is uncertain, the contract could have been terminated prior to the expiration of one year.” This principle is not applicable to the case sub judice. The appellant Harrison testified that the parties contemplated that it would take about three years to pay the $25,000.00 for the purchase of the stock of the Niagara Sales Corporation, “at which time or the end of time we had finished paying, according to that agreement, we would have a lifetime contract in the sale of Niagara merchandise in the State of Florida” and “the oral contract will come into effect, wherein I receive the franchise, from the time I complete paying for the stock.” There is no showing in the record that the contract could have been completed upon the death of Harrison prior to the expiration of one year. To the contrary, the lifetime contract was not to *278 “come into effect” until he “had finished paying” the $25,000.00 for the stock.
Appellants’ remaining point has been examined and does not present a basis for reversal. The trial Court granted the motion for directed verdict also on the basis that appellants’ claim was partly written and partly oral. The written agreement was marked for identification but was never introduced in evidence, nor was it even alleged in appellants’ complaint. During cross-examination of Harrison, the following colloquy occurred:
“Q. Just so I am sure, the $25,000.00 that you refer to as that having paid for the franchise is the same $25,000.00 that has been set forth in the agreement that you have just identified, is it not?
A. Yes, sir.
‡ ‡ ‡ *
Q. Is there any connection between the written agreement and the oral contract? Doesn’t this go together?
A. One is contingent upon the other, yes, sir.”
The judgment appealed herein is
Affirmed.
HOBSON, C. J., and MANN, J., concur.