PER CURIAM.
These two appeals, one treating the judgment as final and the other treating it as interlocutory, were filed by the plaintiffs below. By an oral lease, the appellants leased a number of racing Greyhounds from the appellee, the owner of the dogs. The record reveals that under the terms of the lease the lessees were granted the right to maintain, train and race the Greyhounds for the period of their racing life (shown in the record by experience and custom in the trade to be a period of two to three years). The consideration or “rental” agreed to be paid by the lessees to the lessor-owner was thirty-five percentum of' the gross purse money received or “won” by the lessees from the racing of the leased dogs. The expenses of caring for the dogs and racing them were to be borne by the lessees; and there was no ágreement between the parties for the lessor-owner to share to any extent in an operational loss if the lessees should sustain such.
. -The lessor reclaimed possession of the dogs without permission or knowledge of the lessees. Thereafter the lessees filed Suit against the lessor seeking specific performance of the lease to compel the lessor to return the dogs to the lessees, and to enjoin the lessor from racing the dogs. On final hearing judgment was entered denying the relief sought by the plaintiffs. Therein the trial court expressed the conclusion that the agreement between the parties was not a lease but was a joint venture, and as such was not enforceable to compel continuance thereof by one desiring to discontinue.
We are unable to agree with the conclusion reached by the learned trial judge that the transaction represented a joint venture and was not a lease. Two essentials of a joint venture were absent. There was no agreement by the owner to share losses, and he held no measure of control over the handling and racing of the dogs. See Kislak v. Kreedian, Fla. 1957, 95 So.2d 510.
'[2, 3] However, we affirm for a different reason, upon concluding that the oral lease was not enforceable because it *562 was within the statute of frauds.[1] See § 725.01 Fla.Stat., F.S.A. The lease, which was not in writing, was not a contract to be performed within a year. This was made to appear from the record wherein it was shown that the known and established period of the racing life of Greyhounds is in excess of two years. Therefore, where an owner leases racing Greyhounds to another person for the racing life of the dogs, it necessarily is the understanding and intent of the parties that the lease thereof is for such period of time. Yates v. Ball, 132 Fla. 132, 181 So. 341, 344; Rattan & Bamboo Shop, Inc. v. Rutter, Fla.App.1962, 147 So.2d 11.
Affirmed.

. When in the opinion of an appellate court a ground exists for upholding a judgment which is challenged on appeal the judgment will be affirmed although the reason relied on by the trial court is rejected. Chase v. Cowart, Fla.1958, 102 So.2d 147, 150; Tri-County Produce Distr., Inc. v. Northeast Prod. Cr. Ass’n, Fla.App.1963, 160 So.2d 46, 49.