PER CURIAM.
At first, this will contest case gave us pause. The county judge below granted a directed verdict against the opponent of the will of Minnie Merz, deceased, on the two main issues of undue influence and lack of testamentary capacity. In his written order the judge appears to have confused his function as trial judge with his function as trier of fact, and some of his findings sound as rulings of law while others are determinations of fact. Nevertheless his conclusions of law on each issue were correct although, perhaps, for erroneous reasons. In such case we must affirm.[1]
We take this opportunity, now, to remind the trial bench that directed verdicts in non-jury trials are governed by the same rules and principles as in jury trials.[2] Moreover, we emphasize that caution be taken in the rulings of the court in these cases so that matters of law and fact be clearly delineated for purposes of review in the event of appeal.
While, as noted, such precautions were not followed meticulously here no prejudice nor reversible error has been made to appear. Accordingly, the judgment appealed from should be, and it is hereby, affirmed.
Affirmed.
MANN, C. J., and LILES and Mc-NULTY, JJ., concur.

. See, e. g., In Re Yohn’s Estate (Fla.1970), 238 So.2d 290; Katz v. Mendheim (Fla.App.1971), 244 So.2d 560; and Braren v. Lawyers’ Realty Abstract Co. of Sarasota (Fla.App.1967), 196 So.2d 244.

. See, Hartnett v. Fowler (Fla.1957), 94 So.2d 724.