303 So.2d 407 (1974)
Nettie DAVIS As Executor of the Estate of Arthur N. Davis, Deceased, et al., Appellants,
v.
Joseph D. FERRARO, Appellee.
No. 74-232.
District Court of Appeal of Florida, Third District.
November 12, 1974.
Rehearing Denied December 10, 1974.
Gars & Dixon, Miami, for appellants.
Richard Morton, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
BARKDULL, Chief Judge.
The appellants, defendants in the trial court, seek review of a final judgment in favor of the plaintiff in an action for the recovery of ten (10%) per cent interest in the business of the defendants.
In 1955 or 1956 the deceased, Arthur N. Davis, asked the plaintiff to come to Florida and help him run his tire and recapping business. The testimony of the plaintiff and others indicated that the deceased promised the plaintiff ten (10%) per cent of the business after he paid off the loan he had taken to start the business or when he died. It was conceded that he would take at least two years to pay off the loan. The plaintiff did move to Florida and was employed by the deceased. During the time of the plaintiff's employment he received a weekly salary plus ten (10%) per cent of the profits. Several times during the employment the plaintiff asked the deceased to reduce their agreement to writing. Each time the deceased would insist that he would do it later or that it was not necessary, as they had a gentlemen's agreement and not to worry about it. Business associates, customers, and competitors testified that it was their understanding that the plaintiff owned part of the business, as that is what they were lead to believe by the deceased.
*408 The plaintiff continued to work at and run the business after Mr. Davis died, but when he sought his interest from the estate Mrs. Davis, heir of the deceased, fired the plaintiff. Thereafter, he instituted this action and was eventually successful. The trial court found: 1) That plaintiff was employed by Mr. Davis from approximately 1956 until July 25, 1972; 2) That Mr. Davis conducted the business with the plaintiff jointly on an arrangement whereby the plaintiff was given inter vivos a ten (10%) per cent of the tire business operated by the decedent; and 3) That the statute of frauds is not applicable in this case because of the repeated verbal publication by the decedent of the fact that the plaintiff was a part owner of the business.
Among other things, the appellants contend that the trial court erred in failing to hold that the statute of frauds barred the relief sought by the plaintiff. We find this point to be well taken and, therefore, do not discuss the other points urged by the appellants for reversal.
Clearly, the plaintiff was not to receive his interest until subsequent to two years after his arrival in Florida, which brought the matter within the prohibition of § 725.01, Fla. Stat. There being no written memorandum of the agreement, plaintiff was not entitled to recover. See: Rattan and Bamboo Shop, Inc., v. Rutter, Fla.App. 1962, 147 So.2d 11; Rowland v. Ewell, Fla.App. 1965, 174 So.2d 78; Tanenbaum v. Biscayne Osteopathic Hospital, Inc., Fla. 1966, 190 So.2d 777; Manas v. Southern Diversified Industries, Inc., Fla.App. 1967, 193 So.2d 480; Niagara of Florida, Inc. v. Niagara Therapy Manufacturing Corporation, Fla.App. 1970, 231 So.2d 277; Keller v. Penovich, Fla.App. 1972, 262 So.2d 243; Lewin v. U.S. Industries, Inc., Fla.App. 1973, 272 So.2d 183.
Therefore, the final judgment under review be and the same is hereby reversed, with directions to dismiss the plaintiff's complaint and cause of action.
Reversed and remanded, with directions.